HARVEY R. HITCHCOCK, LAWRENCE H. DEE, HAR-
RY L. EVANS and CHARLES J. FISHEL, on behalf
of themselves and all other stockholders in the Kamalo
Sugar Company, Limited, *v.* FRANK HUSTACE,
JOHN J. EGAN, FRANK H. FOSTER and THE KA-
MALO SUGAR COMPANY, LIMITED.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED OCTOBER 12, 1901.     DECIDED NOVEMBER 8, 1901.

GALBRAITH AND PERRY, JJ., AND J. W. CATHCART, ESQ., OF
THE BAR, IN PLACE OF FREAR, C.J., ABSENT.

Certain amendments to a bill and answer were allowed after the close
of the evidence. Held, that these amendments presented a new and
distinct issue not raised by the original pleadings and that, under
the circumstances, it was error for the court to refuse to receive
evidence offered by the respondents in support of the averments of
the amendments to their answers and to enter a decree against the
respondents without hearing such evidence.

OPINION OF THE COURT BY PERRY, J.
(Galbraith, J., dissenting.)

The complainants brought a bill in equity, the main allega-
tions of which were as follows: that on or about the 8th day
of May, 1899, the respondent corporation was organized with
a capital stock of one million dollars divided into fifty thousand
shares of the par value of twenty dollars each, that the said
shares were purchased by a large number of persons residing
in the Hawaiian Islands and elsewhere, and that the complain-
ants became and are stockholders in the corporation; that the
respondents Hustace, Egan and Foster were the promoters of
the corporation; "(4) that on or about the 20th day of April,
A. D. 1899, and before the incorporation of the said company
the said defendants as such promoters held out and proposed
to the said plaintiffs and their associates that a corporation

should be formed for the purpose of raising and cultivating sugar cane and doing a general sugar plantation business on the Island of Molokai, Hawaiian Islands, to be called and known as the Kamalo Sugar Company, Limited, and that in order to do so it was necessary that intending stockholders in said proposed company should pay to said defendants a ten (10%) per cent assessment on the capital stock of said company and that said plaintiffs and their associates did pay said assessments to the defendants and that on or about the 29th day of April, A. D. 1899, and after the payment of said ten (10%) per cent assessment the said defendants Hustace, Egan and Foster purchased certain lands and premises situated on said Island of Molokai belonging to H. McCorriston and D. McCorriston both of whom reside on said Island of Molokai; and the said defendants Frank Hustace, John J. Egan and Frank H. Foster agreed to pay to the said H. McCorriston and D. McCorriston the sum of twenty-five thousand ($25,000.00) dollars for the said lands and premises, and accordingly the said defendants did pay to the said H. McCorriston and D. McCorriston the said sum of twenty-five thousand ($25,000.00) dollars out of the moneys paid into the treasury of said company by the stockholders thereof and they the said defendants obtained a deed of said lands and premises from the said H. McCorriston and D. McCorriston which said deed conveyed the said lands and premises to the said three defendants and they the said defendants recorded the said deed in the office of the Registrar of Conveyances in said Honolulu on or about the 10th day of June, A. D. 1899, which said deed the plaintiffs crave leave to refer to hereafter and offer the same in evidence.

"(5) That the said defendants Frank Hustace, John J. Egan and Frank H. Foster did unlawfully combine conspire confederate and agree together to cheat and defraud the stockholders of the said Kamalo Sugar Company Limited and the said Kamalo Sugar Company Limited out of the sum of thirty-five thousand ($35,000.00) dollars, and accordingly on the 31st day of May A. D. 1899 and after the receipt of further assessments the said defendants granted bargained sold and con-

veyed the said lands and premises so purchased by them as aforesaid to the said Kamalo Sugar Company Limited for the sum of sixty thousand ($60,000.00) dollars and did make and execute a deed for the consideration of sixty thousand ($60,-000.00) dollars to the Kamalo Sugar Company Limited which said deed was acknowledged on the 3rd day of June A. D. 1899 and recorded in the said Registry Office on or about the 10th day of June A. D. 1899 to which said deed the plaintiffs crave leave to refer and introduce in evidence hereafter.

"(6) That the said defendants after having entered into said conspiracy to cheat and defraud the Kamalo Sugar Company Limited and the stockholders therein falsely fraudulently and corruptly representing to the said stockholders of the said Kamalo Sugar Company Limited that they had paid the said H. McCorriston and D. McCorriston the sum of sixty thousand ($60,000.00) dollars for the said lands and premises [and in accordance therewith they caused to be inserted in the said deed from H. McCorriston and D. McCorriston to them the said defendants as a consideration for the purchase price of said lands the sum of sixty thousand ($60,000.00) dollars]" (the words in brackets were, on motion of complainants, stricken out after the close of the evidence for failure of proof) "whereas in truth and in fact they had only paid the sum of twenty-five thousand ($25,000.00) dollars for the said lands and premises and by means of the false fraudulent and corrupt statements they obtained from the said Kamalo Sugar Company Limited the sum of sixty thousand ($60,000.) dollars as the purchase price for the said lands and premises; and the said defendants Frank Hustace, John J. Egan and Frank H. Foster entered into an agreement and arranged that the said lands and premises so purchased from H. McCorriston and D. McCorriston should be charged to the Kamalo Sugar Company Limited at sixty thousand ($60,000) dollars and it was so charged and entered upon the books of the said corporation and that the surplus of thirty-five thousand ($35,000.00) dollars should be divided between them the said Frank Hustace, John J. Egan and Frank H. Foster and the said money was so divided among the said

defendants Frank Hustace, John J. Egan and Frank H. Foster. That the said lands and premises so purchased from the said H. McCorriston and D. McCorriston was not worth more than the sum of twenty-five thousand ($25,000.00) dollars and the sum of twenty-five thousand ($25,000.00) dollars is and was more than its market value; that the said plaintiffs and other stockholders believing the statements and representations of the defendants Frank Hustace, John J. Egan and Frank H. Foster as to the value of said lands and premises and that they had paid the sum of sixty thousand ($60,000) dollars therefor relied thereon and subscribed for the shares of stock now held and owned by them in the said Kamalo Sugar Company Limited.

"(7)   That the said defendants Frank Hustace, John J. Egan and Frank H. Foster paid to the said H. McCorriston and D. McCorriston the sum of twenty-five thousand ($25,000.00) dollars in cash out of the money paid into the treasury of said company by the plaintiffs and other of the stockholders thereof as aforesaid and did also falsely wilfully and corruptly issue and deliver to the said H. McCorriston and D. McCorriston paid up stock of the par value of twenty thousand ($20,000.00) dollars the property of the said Kamalo Sugar Company Limited which said twenty thousand ($20,000.00) dollars in cash and twenty thousand ($20,000.00) dollars in paid-up stock was the actual amount paid for the said lands and premises so purchased from the said H. McCorriston and D. McCorriston as aforesaid.

"(8)   That the said twenty-thousand ($20,000.00) dollars of paid-up stock so issued and delivered to said H. McCorriston and D. McCorriston as aforesaid was not the property of said defendants Frank Hustace, John J. Egan and Frank H. Foster and they had no lawful right or authority to issue and deliver the said paid-up stock to the said H. McCorriston and D. Mc-Corriston as aforesaid and they the said defendants wilfully and corruptly and with intent to cheat and defraud the said Kamalo Sugar Company Limited and the stockholders thereof issued and delivered the said stock secretly well knowing that they had no lawful right or authority so to do."

The remaining allegations were, in substance, that respondents Hustace and Foster were directors of the company and had control of the Board of Directors; that the officers of the company were requested to institute proceedings to recover of the three respondents first named the sum of thirty-five thousand ($35,000.00) dollars alleged in the bill to have been fraudulently converted and that such officers failed and refused so to do; and that the officers had issued a call for certain assessments on the assessable stock of the corporation, which assessments the complainants averred to be unnecessary, and had threatened to sell certain stock for non-payment thereof.

The prayer was for an injunction to restrain the threatened sale of delinquent stock, "and further that the said defendants Frank Hustace, John J. Egan and Frank H. Foster be declared trustees for the Kamalo Sugar Company, Limited, and that they be ordered by this Honorable Court to pay into the treasury of the said Kamalo Sugar Company, Limited, the sum of thirty-five thousand ($35,000.00) dollars with interest thereon for the use and benefit of said corporation," for appointment of a Receiver *pendente lite*, for the removal of Hustace and Foster from office, "and for such other and further relief in the premises as and under the circumstances of this case may require and as to your Honor and this Honorable Court may seem meet."

The respondents in their answers severally denied the truth of the charge, as made in the bill, that they had fraudulently converted the sum of thirty-five thousand ($35,000.00) dollars to their own use and averred the truth to be that prior to the incorporation of the company they held and controlled certain valuable lands, leases and options, that upon such incorporation they conveyed and assigned to the corporation all of such lands, including the McCorriston lands referred to in the bill, leases and options for the consideration of sixty thousand ($60,000.00) dollars in cash and seven thousand (7,000) shares of the non-assessable stock of the corporation, and that out of the money and stock last mentioned they paid and transferred to the Mc-

Corristons the sum of twenty-five thousand ($25,000.00) dollars in cash and one thousand (1,000) shares of said stock as consideration for the deed referred to in the bill.

Upon this state of the pleadings, the trial was had. After its conclusion, the court orally announced from the bench that it was its finding from the evidence that the three respondents had perpetrated fraud, both actual and contructive, upon the corporation and that judgment would be rendered against them for the sum of thirty-five thousand ($35,000.00) dollars fraudulently converted to their own use, further stated that the evidence plainly showed that the three respondents had fraudulently converted to their own use one hundred and twenty thousand ($120,000.00) dollars of the paid up stock of the corporation, and, of its own motion, called upon counsel to argue the question as to whether or not under the bill as it was originally filed the court had power and authority to render judgment against the respondents for such paid-up stock. After argument, the court ruled that under the bill it had no such power or authority. Counsel for the complainants thereupon asked for and obtained leave to amend the bill by adding the following allegation: "8 (a) that the said defendants Frank Hustace, J. J. Egan and Frank H. Foster did unlawfully combine, conspire, confederate and agree together to cheat and defraud the stock-holders of the said Kamalo Sugar Company Limited and the Kamalo Sugar Company Limited out of the paid-up stock of the said corporation of the value of one hundred and twenty thousand ($120,000.) dollars and they the said Frank Hustace, J. J. Egan and Frank H. Foster did accordingly fraudulently, wilfully and corruptly take and convert the said property and said paid-up stock of the Kamalo Sugar Company Limited of the value of one hundred and twenty thousand ($120,000.) dollars to their own use," and by adding to the prayer, "and further that the said Frank Hustace, John J. Egan and Frank H. Foster be declared trustees for the said Kamalo Sugar Company, Limited, and that they may be ordered

by this Court to pay back into the treasury of the said Kamalo Sugar Company, Limited, the said one hundred and twenty thousand ($120,000.00) dollars of paid-up stock so fraudulently converted by them to their own use as set out in paragraph 8a of said bill or upon failure to pay into the treasury of the said Kamalo Sugar Company, Limited, the said one hundred and twenty thousand ($120,000.00) dollars of paid-up stock of the said corporation that they may be ordered to pay into the said treasury of the said Kamalo Sugar Company, Limited, the sum of one hundred and twenty thousand ($120,000.00) dollars in cash or such other sum as this court shall deem meet."

The order allowing these amendments was dated November 2, 1900, and filed November 8, 1900. On the 5th of the same month a stipulation was filed by counsel allowing respondents five days from November 3rd within which to file a motion for leave to answer the bill as amended and to introduce evidence under such answer, and on November 8th a motion to that effect was filed, supported by affidavit. On November 10th counsel for the complainants agreed in writing "that, with the consent of the court, defendants herein may have until November 30th, 1900, to answer to the amendments to plaintiffs' bill of complaint." Of this agreement the court said: "I cannot approve this stipulation. I do not think that any further or other answer will subserve the ends of equity. The amendment to the bill was allowed so that the allegations might conform to the proof. The opinion of the Court has been rendered though not actually reduced to writing."

Subsequently, however, the court permitted the respondents to file answers to the bill as amended. In these answers the respondents denied the truth of the charge of fraud contained in the amendment and averred that the allotment of paid-up stock made to them was not made secretly, fraudulently or unlawfully and that the complainants before they became stockholders in the corporation had notice that the stock had been allotted to the respondents. Respondent Foster also prayed in

his answer that, if his portion of the paid-up stock received by
him should be declared illegal or forfeited, the court permit
him to prove the value of his services, expenditures of money
and options transferred by him to the corporation by way of
*quantum meruit*, and that the corporation be decreed to pay
him the amount so proved. To the answers to the bill as
amended, the complainants filed a replication wherein they "say
their bill as amended is true and the defendants' answer as set
forth is not true and this they are ready to prove and humbly
pray as in and by said bill they have already prayed."

Thereafter the respondents offered to introduce evidence in
support of the averments contained in their answers to the
amendment to the bill, but the court declined to permit them to
introduce such evidence, "for the reason that the entire matter
of the conversion of the stock was gone into with as much detail
and deliberation as the question of the conversion of the thirty-
five thousand ($35,000.00) dollars was gone into upon the
hearing." After hearing some evidence on the subject of the
market value of the stock at the time of its alleged conversion,
the court signed a decree adjudging that the respondents Hus-
tace, Egan and Foster fraudulently converted to their own use
the sum of thirty-five thousand ($35,000.00) dollars in cash
and six thousand (6,000) shares of the paid-up stock of the
corporation and requiring said respondents to pay said sum of
money and deliver said stock to the clerk of the Court for the
benefit of the corporation, or, in default of such delivery, to pay
to the clerk for the benefit of the corporation twenty dollars
in cash for every share of stock not so delivered. From this
decree the case comes to this court on appeal.

The first question which arises, and the only one thus far
argued, is whether or not the court below erred in refusing to
receive evidence in support of the respondents' answers to the
amendment to the bill.

The allowance of amendments to pleadings is a matter, per-
haps, largely within the discretion of the court. Such amend-
ments should not be allowed, however, except under such cir-

cumstances and upon such terms as will prevent the doing of an injustice to any of the parties concerned.  Whether or not in this case the amendment to the bill was properly granted after the close of the evidence, is a question which has not been raised by counsel and which need not be decided.  The amendment having been granted, we are of the opinion that the respondents were entitled to answer the new averments, as they were finally permitted to do, and to introduce evidence in support of such answer, as they offered to do.  The only charge made by the bill as originally filed was that the respondents had paid for the McCorriston lands twenty five thousand ($25,-000.00) dollars in cash and twenty thousand ($20,000.00) dollars in stock, and that they fraudulently represented to the stock-holders that they had paid for said lands the sum of sixty thousand ($60,000.00) dollars and by means of such fraudulent representations obtained from the corporation the sum of sixty thousand ($60,000.00) dollars as the price of such lands and fraudulently converted the surplus of thirty-five thousand ($35,000.00) dollars to their own use; and the only relief sought, aside from the general prayer, was that respondents be declared trustees for the corporation of the said sum of thirty-five thousand ($35,000.00) dollars.  The only issue presented was whether or not the respondents were guilty of the fraud charged with reference to the single transaction and whether or not there was a fraudulent conversion of the sum named. A decree must conform to and be supported by not only the evidence but also the pleadings.  It cannot be broader than the pleadings.  The respondents were entitled to rely upon this rule in framing their answers and in the production of their evidence and cross-examination of witnesses.  It is true that in their original answers the respondents set forth that they received from the corporation sixty thousand ($60,000.00) dollars in cash and seven thousand (7,000) shares of paid-up stock in payment for all of the lands, leases and options which they conveyed and transferred to it, but under the facts as they understood and claimed them to be, this was proper and necessary

in order to fully deny and answer the averment of the bill that the sixty thousand ($60,000.00) dollars cash was in payment for the conveyance of the McCorriston lands only. The respondents' claim was that just prior to the incorporation of the company they controlled a number of lands, leases and options other than the McCorriston lands and that all of this property, including the McCorriston lands, was conveyed and transferred to the corporation for the one price named, in gross, and as one transaction. It was not charged in the bill as originally filed that the stock of the par value of one hundred and twenty thousand ($120,000.00) dollars or any part of it, referred to in the decree, had been fraudulently converted or improperly received by the respondents.

The amendment to the bill raised a new and material issue. It was therein for the first time charged that the receipt by the respondents of the one hundred and twenty thousand ($120,-000.00) dollars of stock was fraudulent and that said stock should, in equity, be returned by them to the corporation. It is not sufficient or correct to say, in support of the ruling excluding the evidence offered, that the amendment introduced a change in the value, merely, of the property alleged to have been fraudulently converted. The amendment not only charged a conversion of different property but also charged a conversion by fraud other than that specified with reference to the thirty-five thousand ($35,000.00) dollars. An entirely new and distinct issue is presented by the amendments to the pleadings. Nor is it sufficient or correct to say that all the matters involved in the amendments were fully investigated at the trial and that evidence was adduced thereon and that the respondents had an opportunity at that time to present their whole defense. While some evidence was adduced on the subject of the receipt by the respondents of the sixty thousand ($60,000.00) dollars in cash and seven thousand (7,000) shares of stock, still that subject was entered upon, as in the original answer, only so far as was necessary to rebut the specific charge of fraud originally made. It was not the duty of the respondents to deny or disprove any

charge of fraud not then made, and they cannot be held responsible for any failure so to do. Promptly after the amendment and answer thereto, they offered evidence in support of their statement that there was no fraudulent conversion of the stock in question and that the complainants, before they became stock-holders, had knowledge of the receipt by the respondents of such stock and money. This they should have been permitted to do. It is not for the court to say or assume that no such evidence can be adduced or that, if adduced, it will not suffice to convince the court that its original finding of fraud was erroneous. However strong the evidence already introduced may be as tending to show fraud, the presumption of law is that the mind of the court is open to conviction, as to the facts, until all of the evidence has been heard.

Whether or not it is correct practice to entertain, under the circumstances of this case, the motion presented in this Court to remand the cause for the introduction of further evidence, is a question which has not been raised by counsel and which is for the first time suggested in the dissenting opinion. We deem the question immaterial in this case and a decision thereof unnecessary, because the issue of law presented by the motion is one which was preserved and brought up by the general appeal itself and may be considered under that appeal irrespective of the motion. In other words, the specific motion was unnecessary. Nor has it been contended by counsel that this Court is without power to remand the cause for the introduction of further evidence or that it is incorrect or improper practice to hear argument, under the general appeal, upon one only of the questions thereby raised and to determine the same before proceeding to a consideration of the other questions presented. The power to reverse, on appeal, a decree of a Circuit Judge in chambers and to remand for new hearing, either in whole or in part, is specifically conferred upon this Court by Section 1434 of the Civil Laws, the language of which is, in part, "In case of such appeal to the Supreme Court from a decision, judgment, order or decree of a Circuit Judge in Chambers, the Supreme

Court shall have power to review, reverse, affirm, amend, modify or remand for new hearing, in chambers, such decision, judgment, order or decree in whole or in part, and as to any or all of the parties." The relief now asked by the appellants, to wit, the reversal of the decree and the remanding of the cause for the introduction of evidence which has been heretofore excluded erroneously, may, in our opinion, be granted under the authority conferred by this statute.

To the objection that parties should not be permitted to present their appeals by sections or to argue and submit for decision but one of the questions involved, the simple answer is that in the case at bar the question argued and submitted, is, in the natural order of things, preliminary and requires a decision before the other issues involved in the appeal can properly be considered by this Court. Moreover, this Court, for its own convenience, at the time of the argument acquiesced in the course adopted by counsel in presenting at this time the preliminary question only.

In our opinion, the respondents have not had their day in court as to the new issue raised by the amendments. The decree appealed from is reversed and the case is remanded to the Circuit Judge of the First Judicial Circuit with instructions to receive such evidence as may be offered under the amendments to the pleadings and for such further proceedings, consistent with the foregoing views, as may be proper.

*Geo. A. Davis, Hatch & Silliman, T. McCants Stewart* and *Magoon & Thompson* for complainants.

*Robertson & Wilder* for respondents Frank Hustace and John J. Egan.

*Kinney, Ballou & McClanahan* for respondent Frank H. Foster.

### DISSENTING OPINION OF GALBRAITH, J.

I do not approve of the practice recognized by the majority of the court in this cause. A decree was entered against the

respondents in the court below. They appealed from that decree to this court. When the appeal was perfected and the case placed on the calendar the respondents did not press their appeal on its merits but presented a motion to remand the cause to the Circuit Judge not for a "new hearing" but "with instructions to allow the introduction of evidence upon the plaintiffs' amended bill of complaint, the defendants' answers and plaintiffs' replication thereto on file in this cause."

It was urged in support of the motion that the amendment of the pleadings presented a new issue; that they offered evidence in support of this issue; that the offer was denied; that in refusing to admit the evidence offered the Circuit Judge committed error.

By the motion the court is asked to single out this one alleged error and segregate it from the rest of the cause and without considering the appeal as a whole or hearing argument on the merits to do what the court is only authorized to do after a full and complete hearing of the cause appealed.

Presumably the object of the appeal was to invoke the power of this court as an appellate tribunal—a court of review. This power is prescribed in section 1434 C. L. and is as follows: "In case of such appeal to the Supreme Court from a decision, judgment, order or decree of a Circuit Court in chambers the Supreme Court shall have power to review, reverse, affirm, modify or remand for new hearing, in chambers, such decision, judgment, order or decree in whole or in part, and as to any or all of the parties."

In equity appeals the whole record is before the court for review and ought to be considered together.

This court ought not to be asked to exercise its power as a reviewing court except after a full and complete hearing of the entire case on its merits.

A practice that permits parties to present their appeal by sections, or in parts, certainly tends to prolong litigation and is reprehensible in many ways even if it can be said to be authorized by statute.

The fact that argument was heard and the motion considered certainly did not bind the court to grant the motion; nor did that fact amount to an acquiescence by the court or its members in such practice.

In passing on this preliminary motion I do not feel called upon to express an opinion on the merits of the appeal. I am clearly of the opinion that the motion should have been denied and the respondents pressed to hearing on the merits of their appeal where all of the alleged errors of the trial court could have been presented for review together and the powers of this court exercised strictly in the manner prescribed by law.